# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Hinkle, Sr., | No. CV-17-02501-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate John Z. Boyle (Doc. 17). The Petition alleges ineffective assistance of counsel. Petitioner also filed a Motion for an evidentiary hearing. (Doc. 16). Petitioner has filed an Objection to the R&R (Doc. 20) and Respondents have filed a response to Petitioner's Objection (Doc. 21).

The R&R addressed the claims that Petitioner fairly presented in the state courts on his ineffective assistance of counsel claims and concludes that Petitioner failed to establish that the state court's rejection of those *Strickland* claims was objectively unreasonable. The R&R thus recommends denying and dismissing the Petition with prejudice and denying the Motion for evidentiary hearing. The R&R further concludes that the Petitioner's remaining allegations are procedurally defaulted without excuse. (Doc. 17). For reasons stated below, the Court will adopt the R&R and deny and dismiss the Petition.

## I. Background

Petitioner pleaded guilty in nine separate criminal cases in the Maricopa County Superior Court. Petitioner's plea agreement and sentencing was summarized by the Arizona Court of Appeals in his appeal of that conviction:

> Pursuant to a plea agreement, Hinkle was convicted in [2008] of second-degree murder and participating in a criminal street gang. While imprisoned, he pled guilty to promoting prison contraband in [2011]. The trial court imposed a presumptive, 9.25–year prison term in the 2011 case to be served concurrently with his sentences in the 2008 case, the longer of which was twenty years' imprisonment.

*State v. Hinkle*, 2016 WL 683287, at *1 (Ariz. Ct. App. 2016).

Magistrate Judge Boyle provided a comprehensive summary of the factual and procedural background of this case in the R&R. (Doc. 17 at 1-4). The Court need not repeat that information here. Moreover, Petitioner has not objected to any of the information in the factual and procedural background section. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").

## II. Standard of Review

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## III. Analysis

As an initial matter, Petitioner has not objected with specificity to the findings and conclusions of the R&R. Petitioner filed a 16-page handwritten objection to the R&R.

(Doc. 20). This objection appears to be a recitation of legal conclusions that his constitutional rights were violated and relate back to the same arguments made in the Petition, but are not responsive to the R&R.

A petitioner's failure to object with specificity to the Magistrate Judge's findings and conclusions in the R & R has "the same effect as would a failure to object." *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 11, 2006). Nonetheless, because Petitioner did file a responsive pleading to the R&R, the Court will consider the substance of the Petition.

### A. Ineffective Assistance of Counsel

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id*. at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

In the context of a habeas petition, a petitioner must do more than demonstrate that the state court applied *Strickland* incorrectly. *Bell*, 535 U.S. at 698-99. Rather, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

As stated above, Petitioner does not challenge the Magistrate Judge's discussion of the relevant legal standards, including the strict standards to establish ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984) and the highly deferential standard for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As stated in the R&R, "Petitioner's arguments are not a model of clarity. More accurately, the Petition is a long a conclusory allegation." (Doc. 17 at

7). The R&R identified the claims that had been presented to the Arizona courts and that were submitted in the Petition.

Liberally construing the Petition, Petitioner argues that his counsel was ineffective in four ways: failing to file a motion to dismiss on his Misconduct Involving Weapons charge; that his counsel coerced his guilty plea; that his counsel failed to impeach a state witness; and that his counsel failed to call an eyewitness for his defense. (Doc. 1). The Arizona Court of Appeals denied relief on all of Petitioner's ineffective assistance of counsel claims. As explained below, the Court finds that Petitioner has not demonstrated that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 698-99. Thus, the R&R will be adopted and the Petition dismissed with prejudice.

### 1. Motion to dismiss

Petitioner first argues that his counsel failed file a "motion to dismissal [sic] misconduct involving weapons." (Doc. 1 at 10). However, Petitioner fails to meet his burden of proving that this failure compelled him to plead guilty, especially considering the fact that the weapons charge was dismissed as part of his plea agreement. (Doc. 10-1 at 2). Moreover, as part of the factual basis underlying his plea, Petitioner agreed that he "knowingly and intentionally discharged a weapon" killing the victim. (Doc. 14-1, Ex. Y). He also admitted as part of the factual basis that he had a prior felony conviction that barred him from possessing a firearm. (*Id.*) That Petitioner's counsel did not file a motion to dismiss the weapons charge does not show ineffective assistance of counsel. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."). Thus, this claim fails.

### 2. Coercion of guilty plea

Petitioner next argues that his counsel coerced him, under "major duress," into entering into the plea agreement even though he is innocent. (Doc. 1 at 10). Petitioner fails to identify how his counsel coerced him into pleading guilty. Petitioner told the trial

court that no one forced or coerced his decision to plead. (Doc. 14-1). Moreover, Petitioner gave a statement to the court and to the family of the victim at his sentencing where he was very remorseful. He stated that:

> To the family of the victim, I am first and foremost I want to say I am very sorry for being a reason for your loss. We were just two men trying to feed our family the best way we found, but greed got the best of both of us…. All I think about is the day and how I wish it was different. I am sorry. You may never forgive me. You may wish me dead.
>
> We both made a bad choice, and something more powerful got into us we couldn't control. The outcome, we both lost a great deal trying to do something we thought was right. I, once again, am sorry and I will be for the rest of my days.
>
> Your Honor, I want to apologize to the state of Arizona and Maricopa County for my actions.

(Doc. 14-2, Ex. Z at 16-17). The arguments made in the Petition are belied by the statements made by Petitioner at his sentencing. These types of statements are strongly presumed to be true. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977). Petitioner has not met his burden of showing more than conclusory allegations that his guilty plea was coerced. Thus, this claim fails.

### 3. Failure to impeach and call state witness

Petitioner argues that his counsel could have impeached the state witness's credibility by calling a separate eyewitness to provide an alternative description of the assailant, potentially exculpating him of the crime. (Doc. 1 at 6). The Arizona Court of Appeals found that Petitioner failed to meet his burden of showing his counsel's alleged conduct in this regard resulted in the guilty plea.

As explained above, the trial court found that Petitioner knowingly pleaded guilty and gave up his right to go to trial. Moreover, the trial court explained it's belief that the

plea agreement was "extremely generous" and "a great deal" based on the fact that Petitioner received a stipulated 20-year term on the murder charge, which as originally charged carried a sentence of the death penalty, and a stipulated 9.25-year term on the prison contraband charge that ran concurrently with the murder sentence. *Hinkle*, 2016 WL 683287 at 1. As to Petitioner's argument that his counsel should have called this eyewitness at trial, Petitioner gave up the right to "confront and cross-examine" this witness when the trial court accepted his guilty plea for the reasons already stated in this Order. (Doc. 14-1, Ex. Y). Petitioner fails to establish, let alone argue, that the state court's rejection of Petitioner's claim as to the failure to impeach the state witness was objectively unreasonable.

### B. Additional claims unexhausted and procedurally barred

Petitioner lists a number of other claims in his Petition that were not part of his post-trial motions or his appeals to the Arizona Court of Appeals. (Doc. 1 at 10). Petitioner does not argue that cause or excuse for the procedural default exists and does not respond to this portion of the R&R. Judge Boyle concluded that these additional claims, raised for the first time in the Petition, are procedurally barred. This Court agrees and will adopt this finding in the R&R.

### C. Request for evidentiary hearing

Lastly, Petitioner filed a Motion for an evidentiary hearing. (Doc. 16). Evidentiary hearings, however, are not required for claims adjudicated on the merits in the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-1401 (2011). Such claims are subject to review under § 2254(d)(1), which asks whether a state court's decision on the claim was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 1398. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* Evidence introduced in federal court would, therefore, have no bearing on the court's review under § 2254(d)(1). *Id.* at 1400. As a result, evidentiary hearings pursuant to 28 U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in state court. *Id.* at 1401.

As the above analysis demonstrates, the state court adjudicated Petitioner's ineffective assistance claims on the merits. Applying § 2254(d)(1), this Court has determined that the state court decisions were not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law. Under *Pinholster*, the court's analysis was limited to the record before the state court that decided the claims on the merits. The Court could not consider any newly presented evidence. Petitioner is therefore not entitled to an evidentiary hearing.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 17) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** the Motion for Hearing (Doc. 16) is **denied.**

**IT IS FURTHER ORDERED** the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 6th day of September, 2018.

Honorable Diane J. Humetewa
United States District Judge